UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                   :
3TAC, LLC and                             :
WEST LOOP SOUTH, LLC,           :
                                                   :
        Plaintiffs,                   :    Civil Action No. 1:16-cv-08795-KBF
                                                   :    [rel. 1:17-cv-08421-KBF]
    - against -                      :
                                                 :
ICONIX BRAND GROUP, INC.,       :
IP HOLDINGS UNLTD., LLC, and  :
NEIL COLE,                               :
                                                 :
        Defendants.                 :
                                                 :
--------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT</u>**

 

Gregg Donnenfeld, Esq.
DONNENFELD LAW PLLC
37 Northern Blvd., #280
Greenvale, NY 11548
917-251-2452

*Attorneys for Plaintiffs*
  *3TAC, LLC and West Loop South, LLC*

May 30, 2018

Plaintiffs, 3TAC, LLC ("3TAC") and West Loop South, LLC ("West Loop") (together, "Plaintiffs"), submit this Memorandum of Law and the accompanying Declaration of Gregg R. Donnenfeld, Esq. (the "Donnenfeld Declaration"), with its exhibits, in support of Plaintiffs' motion for leave to file a Third Amended Complaint in the form attached as Exhibit 1 to the Donnenfeld Declaration (the "Third Amended Complaint"), thereby amending their claims against Defendants Iconix Brand Group, Inc. ("Iconix"), IP Holdings Unltd. LLC ("IPHU") and Neil Cole ("Cole") (Iconix, IPHU and Cole, collectively, "Defendants").

**Brief Factual Background, and the Existing Second Amended Complaint**

As this Court is aware, this case arises from a series of interconnected and relatively complex business relationships which began with the formation of Defendant IPHU in October 2009.  Defendant IPHU then was formed as a joint venture owned by (1) Defendant Iconix, the CEO of which was Defendant Cole; and (2) Suchman, LLC ("Suchman"), the owner of which was Seth Gerszberg ("Gerszberg").  As part of that formation, (1) Gerszberg and/or his businesses contributed or otherwise transferred to IPHU all rights in and to certain fashion brands including ECKO UNLTD®., MARC ECKO® and ZOO YORK® (the "Brands"), and (2) Defendant IPHU granted Plaintiff 3TAC (a company indirectly owned or controlled by Gerszberg) a license to use the Brands on and in connection with design, manufacture, sale and promotion of apparel products, with such rights sublicensable to Plaintiff 3TAC's affiliated entities indirectly owned or controlled by Gerszberg, one such affiliated entity having been Plaintiff West Loop (the "MEE License Agreement").  (*See* Second Amended Complaint, ECF 36].

1

By the Second Amended Complaint [ECF 36], Plaintiffs assert claims against Defendants based on allegations that Defendants made materially false representations to the Plaintiffs' actual and/or prospective customers so as to intentionally interfere with Plaintiffs' rights under the MEE License Agreement, and that such interference was part and parcel of a long ongoing pattern and practice by which Defendants had maliciously targeted Gerszberg and his affiliated entities.

**The Basis for the Third Amended Complaint**

Plaintiffs have come into possession of a written License Agreement by and between Defendant IPHU, as licensor, and New Rise Brand Holdings, LLC ("New Rise"), as licensee, dated as of November 23, 2013 (the "Conflicting New Rise License Agreement"), a copy of which is annexed to the Donnenfeld Declaration, at its Exhibit 3. Plaintiffs were not in possession of this document at the time it filed its Second Amended Complaint, nor were Plaintiffs aware of the terms and conditions thereof. The terms and conditions of the Conflicting New Rise License Agreement were not known to Plaintiffs at the time Plaintiffs filed the Second Amended Complaint and, as a result, facts and circumstances relating thereto were not previously asserted within the existing pleading. (Donnenfeld Decl. ¶5)

Notably, in Section 1.1(b) of the Conflicting New Rise License Agreement, Defendant IPHU granted exclusive rights to New Rise from and after January 1, 2015. *Id*. Those rights are directly inconsistent with rights that had been granted by Defendant IPHU to Plaintiffs under the MEE License Agreement. Accordingly, in addition to the fact that Defendants breached and intentionally interfered with Plaintiffs' rights under the MEE License Agreement by making materially false representations to the Plaintiffs' actual and/or prospective customers, Defendants also materially breached Plaintiffs' rights under the MEE License Agreement by having granted

2

certain rights to the Plaintiffs and then materially breaching those promises through a directly inconsistent grant of "exclusive" rights to third-party New Rise.  Plaintiffs now seek to amend their complaint solely to address this additional circumstance.  *See* Donnenfeld Declaration at its Exhibit 2 (a 'blacklined' version of the Third Amended Complaint, marked to show the proposed changes to the Second Amended Complaint previously filed in this case, ECF 36).

**Relevant Procedural History**

By Order dated February 5, 2018 [ECF 60], this Court stayed all discovery in this matter, pending resolution of a motion to dismiss then-pending in related case No. 1:17-cv-08421-KBF.  By Order dated May 15, 2018 [ECF 63], this Court lifted that stay.

By Order dated May 18, 2018 [ECF 65], this Court issued a new scheduling order for this action.  Discovery in this case is therefore at a renewed inception.

**The Court Should Grant Plaintiffs' Motion for Leave to Amend**

Federal Rule of Civil Procedure 15 provides that "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  If the plaintiff has "at least colorable grounds for relief," justice requires granting leave to amend.  *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984).  "[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend will generally be granted unless (1) there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing

amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile).

Here, there is no undue delay, bad faith, or undue prejudice. Plaintiffs are making this request at a still very early stage in the proceedings (indeed, following a stay of discovery in this case, the new scheduling order for this case just issued May 18, 2018). The request to amend is made in good faith based on facts and circumstances not in Plaintiffs' possession at the time they filed the Second Amended Complaint. The amendment will not slow down the action at all as discovery will overlap with the existing claims, all of which are related as all relate to Defendants' alleged breach of Plaintiffs' contractual rights. *See Hillair Capital Investments, L.P. v. Integrated Freight Corp.*, 963 F. Supp. 2d 336, 339 (S.D.N.Y. 2013) ("Here, at this early stage of the case, there is no concern about delay, bad faith, or prejudice."); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 217 (N.D.N.Y. 2009) ("because the motion to amend has been made at a relatively early stage of the proceeding (i.e., approximately seven months after the action was filed), Defendants will not suffer undue prejudice").

There is also no futility, as Plaintiffs' Second Amended Complaint plainly contains "at least colorable grounds for relief." *Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (quoting *Ryder*, 748 F.2d at 783); *see BNP Paribas Mortg. Corp. v. Bank of America, NA*, 866 F. Supp. 2d 257, 263 (S.D.N.Y. 2012). Indeed, the proposed amendments set forth a clear-cut breach of contract claim: Defendant IPHU granted certain rights to the Plaintiffs and then materially breached those promises through a directly inconsistent grant of "exclusive" rights to third-party New Rise.

**Conclusion**

  For the foregoing reasons, Plaintiffs should be granted leave to file the proposed Third Amended Complaint.

|  |  |
|---|---|
| Dated: New York, NY<br>May 30, 2018 | Gregg Donnenfeld, Esq.<br>DONNENFELD LAW PLLC<br>37 Northern Blvd., #280<br>Greenvale, NY 11548<br>917-251-2452<br><br>*Attorneys for Plaintiffs*<br> *3TAC, LLC and West Loop South, LLC* |